## David Buffum *vs.* Eleanor Stimpson.

The legal presumption, in the absence of evidence to the contrary, is in favor of the juris-diction of a court of record of another state, which has assumed to exercise jurisdiction over a subject matter in controversy between parties residing there.

Under an order of a court of record of another state that certain property shall be dis-charged from a mortgage thereon, upon the filing in court within a specified time of a bond, with sureties to be approved by the clerk, and with condition to pay the sum, if any, which should be found due upon the mortgage debt, a duly certified record of the court which shows that within the specified time a bond was received and placed on file by the clerk, and that subsequent proceedings were had which necessarily implied an ap-proval and acceptance of the bond, is sufficient to prove the discharge of the property from the mortgage.

REPLEVIN of the schooner " Juniata Patten." The plaintiff claimed title under a bill of sale from Stephen A. Hubbell. The

defendant claimed title under an assignment of a prior mort-
gage from Hubbell to William S. Amos. The plaintiff con-
tended that the schooner had been discharged from the mortgage,
by certain judicial proceedings in Wisconsin.

At the trial in the superior court, before *Ames*, J., the plaintiff
was allowed, under objection, to put in evidence the record of
proceedings in the circuit court of the county of Milwaukee,
in Wisconsin, by which it appeared that Hubbell filed in said
court a complaint against Amos, setting forth that the debt
which the mortgage was given to secure had been paid, and
praying that the schooner might be discharged from the mort-
gage. Upon this complaint, after further proceedings had, the
court, on the 3d of December 1859, ordered that the schooner
be released, provided Hubbell within five days should execute a
bond in a specified sum, with one or more sureties, to be ap-
proved by the clerk of said court, with condition for the payment
of any balance which might be found due to Amos, &c. The
record continued thus: " Afterwards, to wit, December 7, 1859,
bond filed, as follows:" [a copy of the bond was then set out,
and which appeared to be in conformity with the order of the
court.] There was a certificate, by a " court commissioner,"
that the surety in the bond had sworn that he was worth double
the penalty of the bond above all debts, liabilities and property
exempt from execution. Subsequent proceedings were had to
ascertain the amount due from Hubbell to Amos, and an adju-
dication fixing the amount.

It was conceded that both parties to the above proceedings
were residents in Wisconsin, and were before the court ; and
the judge ruled that the record was sufficient to prove an accept-
ance and approval of the bond, and that it was not competent
for the defendant to show by parol evidence that the clerk did
not approve it. The jury returned a verdict for the plaintiff,
and the defendant alleged exceptions.

*S. H. Phillips*, for the defendant.

*S. B. Ives, Jr. & G. Wheatland*, for the plaintiff.

CHAPMAN, J. There is no validity in the objection that the
court in Wisconsin had not jurisdiction. The record being

properly authenticated, the presumption is in favor of the juris-diction. *Bissell* v. *Wheelock,* 11 Cush. 277. The court also appears, by the constitution of Wisconsin to be a court of general jurisdiction; the parties lived there, and the mortgage was made and recorded there.

The bond appears to have been received and placed on file by the clerk, and the subsequent proceedings were based upon it. The judgment for damages could have had no other basis than a discharge of the lien upon the mortgaged vessel, by the acceptance of the bond in its stead. This must be regarded as an approval of the bond according to the order of the court.

*Exceptions overruled.*